WALTER G. FEREBEE v. NORFOLK SOUTHERN RAILROAD
COMPANY.

(Filed 29 October, 1913.)

1. Railroads—Broken Car Steps—Master and Servant—Negligence
   —Contributory Negligence.

In this case there was evidence tending to show that an employee of a railroad company was injured while acting in the course of his employment, at night, by falling from the platform of a car at a station, because of the fact that since the train had left a former station the steps had been broken from the platform; that the only light furnished him was that from a lantern he was carrying; that the steps had been broken from the car by the falling over of large boxes, 4 feet tall and 13 and 18 inches thick, setting on end and unsecured in any way, about 12 or 14 inches from passing cars, left for some weeks on a trestle, and used for the purpose of holding oil cans and other things for the defendant's engineers: *Held*, it was a negligent act of the defendant to leave boxes, as described, so near the main track of its railroad where they were liable, at any time and from ordinary causes, to fall over and collide with the defendant's train, and the jury having by their verdict accepted this version of the occurrence and determined such act was the proximate cause of the plaintiff's injury, without negligence on his part, an actionable wrong has been established; and this position is not affected by the fact that the action was properly brought under the Federal Employers' Liability Act, which provides that contributory negligence shall only be considered in diminution of damages: *Held further*, that there was sufficient evidence to sustain a negative finding of the jury on the issue of contributory negligence.

2. Railroads—Broken Car Steps—Master and Servant—Actus Dei—
   Concurring Negligence.

Where it has been properly ascertained that the plaintiff, in the course of his employment, was injured by falling from the platform of a car at night, for the reason that the steps of the car had recently been broken off from the platform by the falling over of large boxes negligently left near the track over which the defendant's train had passed, the fact that a heavy windstorm was instrumental in turning these boxes over will not advantage the defense, it being primarily the negligence of the defendant, concurring with an uncontrollable condition, afterwards arising, which proximately caused the injury complained of.

Ferebee v. R. R.

### 3. Measure of Damages—Mental Anguish—Evidence.

The recovery for mental anguish arising from a personal injury negligently inflicted must be confined to such anxiety which would naturally result from the injury, and the doctrine may not be extended so as to include such as may be caused by its possible or probable effect upon others; and evidence admitted in this case held for reversible error, that the plaintiff was worried or apprehensive because he had a child to educate who had never been to school, and he was rendered incapable of sending him.

Appeal by defendant from *Carter, J.,* at February Term, 1913, of Wake.

Civil action for damages for personal injuries caused by alleged negligence on the part of defendant company.

The action was brought under the Federal Employers' Liability Act, the train on which plaintiff was employed and injured being engaged at the time in interstate commerce, and was submitted and determined on the following issues and verdict:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. What is the whole amount of damages, if any, sustained by the plaintiff? Answer: $15,000.

3. Did the plaintiff by his own negligence contribute to his injury, as alleged in the answer? Answer: No.

4. What amount, if any, shall be deducted from the damages sustained by the plaintiff as the proportion thereof attributable to the plaintiff's own negligence? Answer: ........

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Ward & Thompson, Douglass & Douglass, W. H. Lyon, Jr., and W. W. Elliott for plaintiff.*

*R. N. Simms for defendant.*

Hoke, J. We find no reversible error affecting the determination of the first and third issues. There was evidence tending to show that, at the time of the occurrence, plaintiff was an employee of defendant company, as baggage master

and flagman on a train carrying passengers and freight from Raleigh, N. C., to Norfolk, Va., and that it was a part of plaintiff's duties to go out on the steps of the baggage car as the train moved into a station yard for the purpose of receiving the United States mail and, further, of preventing persons from getting on or off train when it was in motion, and to assist the conductor in seeing that the passengers entered and departed from the train in safety; that on 2 June, 1912, at 9:15 P. M., the train on which plaintiff was so employed left the station yard in the city of Raleigh on its regular run for Norfolk, and, as it was approaching the station of Wendell, plaintiff, in the line of his duty, went on the platform and started down the steps, and, they having been torn away after the train left Raleigh, he fell through the opening, was dragged some distance by the train, and was fearfully crushed and mutilated and permanently injured; that the night was dark; there was no light on the platform at the time except a little railroad lantern, carried by plaintiff and which threw no light up or down, but just "glared from the sides." It was further proved that for some weeks or longer prior to the occurrence, on the platform or walkway of a trestle, in the Jones Street yard in the city of Raleigh, there had been left a number of boxes to hold oil cans for engineers, and other things; these boxes, 4 feet tall and 13 and 18 inches thick, the same being on the trestle platform, setting up on end and unsecured in any way, and about 4 feet from the rail, leaving them 12 or 14 inches from the car, and the evidence further tended to show that on the night in question one or two of these boxes had toppled over from the jar or other causes and had struck and torn away the steps and thus occasioned the injury complained of. It was a negligent act to leave boxes of that shape and size so near the main track of the railroad where they were liable at any time and from ordinary causes to fall over and collide with defendant's trains, and the jury having accepted this version of the occurrence, and determined, further, that such act was the proximate cause of plaintiff's injuries, an actionable wrong has been established, the statute on which the suit is brought, the Federal Employers' Liability Act, having made

163—23

provision that contributory negligence, even if it existed, shall only be considered in diminution of damages.

It was urged for defendant that the evidence tending to show the prevalence of an unusual windstorm on the night in question has not been allowed its proper weight, but, on the facts in evidence, the position cannot avail the defendant. The negligent placing of the boxes having been accepted as the proximate cause of the injury, or one of them, the defendant is not relieved, though an unexpected or unusual storm should have contributed also to the result.

In Shearman and Redfield on the law of negligence, 6th Ed., sec. 16, it is said: "Inevitable accident is a broader term than an act of God. That implies the intervention of some cause not of human origin and not controllable by human power. An accident is inevitable if the person by whom it occurs neither has nor is legally bound to have sufficient power to avoid it or prevent its injuring another. In such a case the essential element of a legal duty is wanting, and it cannot therefore be a case of negligence," etc. Pursuing the same subject in section 16b, the author says, further: "The rule is the same when an act of God or an accident combines or concurs with the negligence of the defendant to produce the injury, or when any other efficient cause so combines or concurs; the defendant is liable if the injury would not have resulted but for his own negligent act or omission." And, as heretofore stated, no reason is shown why the verdict on the third issue, that as to contributory negligence, should be disturbed; it having been made to appear that plaintiff went out on the platform and started down the steps, in the performance of his duty, and the jury, under a proper charge, having found that he was careful at the time and, under all the circumstances, had no reason to anticipate nor expect that the steps had been torn away.

On perusal of the record, however, we must hold that there was error committed on the trial of the issue as to damages. On that issue the plaintiff, over objection by defendant to both question and to specific portions of the answer, was allowed to testify as follows: "Q. In what respect were you troubled mentally? A. I was troubled about having a wife

FEREBEE *v.* R. R.

and child on me, with no prospect and no future. I was worried about having a boy 4 years old. I was worried all the time about no income whatever. I never received a cent for the period of nine months. I had a wife, and a child, who had never been to school a day in his life, to educate." The defendant objects to the last part of the answer.

It is very generally held that mental suffering which would naturally result from physical injury, wrongfully inflicted, is a proper element of the damages which may be awarded, and, in such case, it may be allowed, whether spoken to directly by the witness or not; but the decisions are also to the effect that the damages recoverable from this source must be confined to those which are the natural and proximate result of the injury as it affects the person himself, and that the concern which may be caused by its possible or probable effect upon others may not be considered.

The effort to fix upon proper compensation in injuries of this character is, in many cases, very unsatisfactory, and the testimony received in this instance would introduce such an additional element of uncertainty and of divergence among litigants suffering the same or similar injuries that it has been very generally regarded as too remote. *Atchison, etc., R. R. v. M. T. Claud, admx.,* 57 Kansas, 40; *Maynard v. Oregon R. R.,* 46 Oregon, 15; *Statler v. Ray Manufacturing Co.,* 195 N. Y., 478; *Pittsburg R. R. v. Story,* 63 Ill. App., 239; *Keyes v. Ry.,* 36 Minn., 290; *Brown, receiver, v. Sullivan,* 70 Texas, 470; 1 Sedgwick on Damages (9 Ed.), sec. 439.

For the error indicated there must be a new trial on the issue of damages, and it is so ordered.

Partial new trial.