## HUTCHINS v. HUTCHINS et al.

(Court of Appeals of District of Columbia. Submitted October 7, 1919. Decided November 3, 1919. Motion for Reargument, or for Modification of Judgment or Decree, Denied November 22, 1919.)

### No. 3282.

WILLS &⫿392—AUTHORITY TO PROBATE AFTER REMAND, WITHOUT NEW TRIAL.
    Reversal of judgment, on verdict for caveator on the issue of testamentary capacity, with remand for further proceedings, reinstates the cause in the lower court on such issue as originally framed; and till it is disposed of, by new trial or a proper dismissal, such court has no power to order the will admitted to probate.

Appeal from the Supreme Court of the District of Columbia.

Proceeding by Walter Stilson Hutchins and another, executors, for probate of the will of Stilson Hutchins, deceased. From an order, made without new trial, after judgment for Lee Hutchins, caveator, had been reversed, and cause remanded, said caveator appeals. Reversed and remanded.

Wm. G. Johnson and Frank J. Hogan, both of Washington, D. C., for appellant.

Henry E. Davis, of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice. This cause was here before (48 App. D. C. 495) on appeal from a verdict and judgment setting aside the will of Stilson Hutchins.

In that case a caveat to the will had been filed by Lee Hutchins, one of the executors named therein. The case was referred to the law side of the court below, and issues were framed to be tried by a jury. The jury rendered a verdict against the caveator as to two of the issues, and in his favor on the issue challenging the testamentary capacity of Stilson Hutchins at the time of the execution of the will. From that judgment the caveatees appealed. We reversed the judgment and remanded the cause for further proceedings.

When the mandate of this court was sent down, the court below entered an order adjudging that the verdict of the jury on the issue as to the testamentary capacity of Stilson Hutchins be vacated and set aside, that the judgment denying admission to probate of the will be vacated and set aside, that the will be admitted to probate, and that letters testamentary issue to the said caveatees, Walter Stilson Hutchins and Charles L. Frailey, and to Lee Hutchins, upon their giving bond in the sum of $50,000. From this order the case comes here on appeal.

The reversal of the former case in this court and its remand for further proceedings reinstated the case in the court below upon the issue of the testamentary capacity of Stilson Hutchins as originally framed, and until it was disposed of the probate court had no power to enter the order here complained of. If the caveator insists upon a new trial, unquestionably he is entitled to it under the statute. Slo-

---

&⫿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cum v. Insurance Co., 228 U. S.' 364, 33 Sup. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029. But until the case is disposed of, either by new trial or a proper dismissal, the probate court is without jurisdiction to probate the will.

The judgment is reversed, with costs, and the cause is remanded, with instructions to vacate the order.

Reversed and remanded.