## HUTCHINS v. HUTCHINS et al.

(Court of Appeals of District of Columbia. Submitted October 7, 1920. Decided December 6, 1920.)

No. 3424.

1. **Wills ⬿277—Reply held to raise jury question whether caveator's dealings estopped attack on capacity.**

Where the answer to a caveat, contesting a will on the ground of want of capacity, alleged dealings by the caveator with testator during the period in which he charged the testator was of unsound mind, a reply, alleging that the transactions were the result of a family agreement concurred in by the caveatee and the other members of the family, raised an issue which, if supported by a proof, was competent to go to the jury as affecting the good faith of caveator in attacking the will.

2. **Wills ⬿392—Reversal of judgment against will for incompetency held to reopen all issues for retrial.**

Where the jury at the first trial of a will contest found testator incompetent, but found there was no undue influence or fraud, and a decree was rendered thereon, setting aside the probate of the will, from which the caveatees appealed, there was no decree on the verdict as to the issues of undue influence and fraud, from which the caveator could have appealed, so that the reversal of the decree setting aside the will reopens the case for trial on all the original issues.

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the Supreme Court of the District of Columbia.

Caveat by Lee Hutchins against Walter Stilson Hutchins and another, to set aside the last will and testament of Stilson Hutchins, deceased. From an order dismissing the caveat, caveator appeals. Reversed and remanded.

Wm. G. Johnson and Frank J. Hogan, both of Washington, D. C. (Myer Cohen, of Washington, D. C., of counsel), for appellant.

C. H. Merillat and Henry E. Davis, both of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice. This is a continuation of the litigation growing out of a verdict and judgment setting aside the last will and testament of Stilson Hutchins, deceased. In the original appeal (48 App. D. C. 495) the judgment was reversed, and the cause remanded for further proceedings. The court below refused to grant a new trial, and entered an order vacating the former judgment and admitting the will to probate. On appeal from that order this court reversed the judgment and directed a new trial. Hutchins v. Hutchins, 49 App. D. C. 118, 261 Fed. 460.

On remand to the court below, an order was made vacating the order for probate of the will, with leave to the caveatees to file an amended answer to the caveat, in which they might "set up such matters and things as they may be advised constitute a bar or foreclosure of the right of the said caveator to question the testamentary capacity" of testator, and reserving the right to the caveator to act thereafter "by way of plea, answer, motion to strike out, or otherwise," with leave to caveatees "thereafter to act thereon as they may be advised."

In the amended answer, caveatees set up in detail the business transactions between Lee Hutchins and his father during the period he now alleges Stilson Hutchins was mentally incompetent to make a valid deed or contract, and which, in the light of the abstract of the record brought to this court in the original appeal, were held to have barred Lee Hutchins of the right to be heard. To this a reply was filed by caveator, in which he explained the transactions, showing that they were, in effect, the result of a family agreement and were concurred in by caveatee Walter Stilson Hutchins and the other members of the family. The court, however, held that in respect of the issue of mental incompetency, in the light of our opinion in the original appeal, "the additional facts set out in the replication are not sufficient * * * to avoid the effect of the admitted facts," and further found "that the language of the decisions of the Court of Appeals in reversing this case indicates that the view of that court is that the verdict of the jury upon the issues of undue influence and misrepresentation is final." Accordingly an order was entered dismissing the caveat, from which this appeal is prosecuted.

The reply furnishes an explanation of the conduct of Lee Hutchins, which, in the former case, so far as the record disclosed, did not appear. On the contrary, it appeared from the record that he brazenly admitted the transactions, without explanation or defense. In that case, we held his conduct barred him, not from caveating the will,

but from being heard on his own testimony to assail the mental capacity of his father. It still left the validity of the will open to attack from other sources.

[1] The reply of the caveator, however, presents a different issue of fact than was disclosed in the original record, and one which, if supported by proof, we think is competent to go to the jury as affecting the good faith of the caveator. In determining the weight to be given to the explanation of caveator, the jury will be entitled to consider the transactions which caveator had with his father. Independent of this feature of the case, our order in the second appeal was to grant a new trial, and to that position we still adhere.

When the caveat was filed in the probate court, that court framed the following issues for trial by jury:

"(1) Was the said Stilson Hutchins, at the time of executing said paper writing bearing date October 26, 1910, of sound and disposing mind, and capable of executing a valid deed or contract?

"(2) Was the execution by said Stilson Hutchins of said paper writing bearing date October 26, 1910, procured by undue influence of any person or persons, exercised over or practiced upon the said Stilson Hutchins?

"(3) Was the execution by said Stilson Hutchins of said paper writing bearing date October 26, 1910, procured by misrepresentations of any person or persons made to the said Stilson Hutchins?"

The jury found against the caveator on the second and third issues, and in his favor on the first. A general judgment was entered upon the verdict, in which the court, after stating the verdict reached by the jury on each issue, said:

"And it further appearing to the court that a motion to set aside said verdict and to grant a new trial of said issues has been submitted to and overruled by the justice presiding at the trial of said issues, it is by the court, this 16th day of July, A. D. 1915, adjudged, ordered, and decreed that the said paper writing bearing date October 26, 1910, purporting to be the last will and testament of Stilson Hutchins, deceased, is not a valid will or testament, and that probate thereof be and is hereby denied."

No exceptions were taken by caveator to the verdicts on the second and third issues, nor was any order requested or judgment taken thereon. In our opinion in the original appeal, in the statement of the case, we said:

"The jury, by their verdict, answered each of the issues in the negative. The caveator is not here by way of cross-appeal; hence our inquiry is limited to the assignments of error affecting the verdict and judgment on the single issue of mental incapacity."

It will be observed that this statement, which it now seems was inaccurately phrased, merely limited the appeal to a consideration of the issue of mental incapacity, since the other issues were not before us. On the second appeal we remanded the cause for a new trial on the issue of mental incapacity. Again that was the only issue before the court. It is now contended by caveatees that a new trial must be limited to the first issue, and that our statements in the former opinions amounted to a direction to the lower court to that effect, while counsel for caveator insist that the reversal reopens the whole case for a new trial. This is the first instance in which the question of the

status of issues 2 and 3 has been presented formally to this court. The former expressions with reference to these issues were made merely for the purpose of distinguishing the limitations of the issue before us. Issues 2 and 3 were not, therefore, presented for adjudication in those appeals.

[2] No final judgment was entered upon the issues of misrepresentation or undue influence. Appeal cannot be taken from a verdict, but from a judgment, and, no judgment having been entered upon the verdicts as to the second and third issues, there was nothing from which an appeal would lie.

It is clear that the judgment entered amounts to a judgment only upon the verdict of the jury on the first issue, inasmuch as it is in conflict with, and not responsive to, the verdicts upon the second and third issues. No orders or judgments having been made in respect of issues 2 and 3 from which appeal would lie, we are of opinion that the vacation of the judgment as to issue 1 restores the original case for a new trial.

The judgment is reversed, with costs, and the cause remanded, with directions to grant a new trial upon the issues as originally framed.

Reversed and remanded.