**ECKER et al. v. POTTS et al.**

**No. 7392.**

United States Court of Appeals for the District of Columbia.

Argued April 8, 1940.

Decided May 6, 1940.

Isadore H. Halpern, of Washington, D.C., for appellants.

Vivian O. Hill, of Washington, D.C., for appellees.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

GRONER, C. J.

This is an appeal from an order of the District Court, sitting as a probate court, in a proceeding involving the validity of a will. Appellants as caveators filed a petition, charging that testatrix was not at the time of making, of sound mind and memory, and that the writing purporting to be her will was obtained by fraud and coercion. Appellees as caveatees filed an answer, denying these allegations, and declaring that the writing was the last will of the deceased. The District Court signed an order framing the issues, and on the trial the jury found that testatrix was of sound mind and capable of making the will and that the writing purporting to be her will was in proper form, but that its execution was procured by undue influence. Thereafter, upon motion of the caveatees, the court entered an order setting aside the verdict in part and awarding a new trial on the single issue of undue influence.

Caveators now appeal from this order, and assign two errors: (1) in granting a new trial; and (2) in granting it upon the single issue of undue influence.

First. As to the first point, it is the settled law in this jurisdiction that the action of the trial court in granting or refusing a new trial is not reviewable unless there is shown a clear abuse of discretion. No authorities need be cited in support of this proposition. There is no showing in this case of such abuse.

Second. We likewise think the court was entirely correct in limiting the scope

of the new trial. The old common law rule against the retrial of a single issue is now obsolete, and the practice of setting a verdict aside in part where the issues are separable had the approval of many courts, including the Supreme Court, long before the adoption of the new rules of civil procedure.[1] By the latter, a new trial may be granted to all or any of the parties on all or part of the issues.[2] These rules, it is true, by their own terms do not apply to probate proceedings in the District Court of the United States for the District of Columbia, Rule 81(a) (1), but that court in the exercise of its statutory authority,[3] in adapting its own rules to conform to the new rules, declared that the new rules shall govern the trial of issues in probate proceedings;[4] in consequence of which we hold they do. Moreover, we think the rule is supported by reason and should be applied in all cases where the issue to be resubmitted to the jury is separate and distinct from all other issues and the error which requires the new trial of that issue does not affect the determination of any other. This is peculiarly the case in a will contest, where distinct issues are framed for a jury to pass upon. There is nothing in Hutchins v. Hutchins, 50 App.D.C. 151, 269 F. 493, to the contrary. That case involved merely the effect of a mandate from this court.

We think, therefore, that under the local rule, as well as under the general law applicable to the District of Columbia, the order of the District Judge was correct and should be affirmed.

Affirmed.

---

[1] Gasoline Products Co. v. Champlin Ref. Co., 283 U.S. 494, 497, 498, 499, 51 S.Ct. 513, 75 L.Ed. 1188; May Department Stores Co. v. Bell, 8 Cir., 61 F.2d 830, 842, 843, and the long list of cases cited there. And see particularly for a case directly in point on the facts: Buck v. Buck, 122 Minn. 463, 142 N.W. 729, 733.

[2] Rule 59(a), 28 U.S.C.A. following section 723c.

[3] D.C.Code, Tit. 18, Sec. 51; Federal Rule of Civil Procedure 83.

[4] Rule 1(2) of the District Court of the United States for the District of Columbia.