## UNITED RETAIL CLEANERS & TAILORS ASS'N OF D. C. v. DENAHAN.

### No. 307.

Municipal Court of Appeals for the District of Columbia.

Oct. 4, 1945.

Reuben Bonnett, of Washington, D.C. (Harry Bonnett, of Washington, D.C., on the brief), for appellant.

William A. Gallagher, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

In the trial court plaintiff sued three defendants and obtained a favorable finding against one of them. The losing defendant filed a motion for a new trial which was granted. Plaintiff has appealed on the grounds: (1) that the trial court had no jurisdiction to grant the new trial; (2) that if a new trial was proper, it should have been granted as to all defendants; and (3) that the court was in error in granting the new trial.

The argument that the trial court was without jurisdiction to grant the motion for new trial is based upon the claim that the motion was not filed within the time limited therefor by rule of court. Rule 52 (a) of the trial court requires that a motion for new trial be filed within four days after verdict or finding by the court, and Rule 6 (b) provides that such period may not be enlarged. The case had been tried without a jury and taken under advisement by the court. On March 2, 1945, the court filed a memorandum opinion, and the findings embodied therein were entered on that day. On the same day notice of this action was mailed to the parties and received by them on March 3. The motion for new trial was filed on March 8. By Rule 6 (a) the intervening Sunday is not counted in computing the time. The question presented is whether the four-day period ran from the date of entry of finding or from receipt of notice of such action. If the former, the motion was not timely filed; if the latter, it was timely.

The answer to the question depends upon whether Rule 6 (e) applies to motions for new trials. That rule provides: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail,

one day shall be added to the prescribed period."

Appellant contends that since Rule 52 (a) fixes four days "after verdict or finding" and Rule 6 (b) specifically prohibits enlargement of such time, Rule 6 (e) has no application to motions for new trials. We think this contention is wrong. It seems evident to us that the rules of the trial court intend that a party shall have four days after verdict or finding in which to decide whether to file a motion for new trial and to prepare such motion if decision is reached in the affirmative. If appellant's position is correct, then in this case and similar cases the period for filing the motion for new trial would be reduced to three days; and we do not think that the rules intended that where the finding is made in open court the parties shall have four days, and where decision is reserved and notice is sent by mail the parties shall have only three days for filing their motion. There is no basis in reason for such discrimination. It would not be reasonable to require that when a case is taken under advisement the parties must on every day thereafter check the records of court to find if action has been taken, in order that they may have the full four days contemplated by the rules.

Rule 66 (e) requires that upon entry of an order or judgment signed or decided out of the presence of parties or their counsel, the clerk shall serve notice of entry by mail. While the words "order or judgment" may not technically include a "finding," the finding is entered only upon order of the court, and consequently we think that Rule 66(e) applies in the present case and that the parties had a right to rely upon it. Cf. Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283, 149 A.L.R. 736. Our conclusion is that a reading of the rules as a whole requires that when finding is made out of the presence of counsel or parties, notice of such action shall be given by mail, and that in such a situation the time for filing a motion for new trial is by Rule 6 (e) enlarged by one day. Accordingly, we hold that the trial court had jurisdiction to hear and act upon the motion for new trial.

■ With respect to the contention that if a new trial was proper it should have been granted as to all the defendants and not restricted to the single defendant, the rule seems well established that every new trial does not require a trial as to all

parties or all issues. Ecker v. Potts, 72 App.D.C. 174, 112 F.2d 581. If the issues are separate and certain of those issues have been fairly tried and determined in the first trial, there is no necessity for retrying such issues, unless a retrial of all issues is required in justice to one of the parties. Schuerholz v. Roach, 4 Cir., 58 F.2d 32, certiorari denied 287 U.S. 623, 53 S.Ct. 78, 77 L.Ed. 541; Marcil v. A. H. Merriman & Sons, Inc., 115 Conn. 678, 163 A. 411; Fitzpatrick v. Sheppard, 346 Pa. 240, 29 A.2d 475. On the issues tried in the present case, plaintiff might have obtained a finding against one or more of the defendants. Two defendants obtained favorable findings, and as to them plaintiff did not move for a new trial and did not in the lower court nor does he in this court allege any error in the trial with respect to those two defendants. No showing is made that exclusion of the two defendants from the new trial will injuriously affect the claim against the remaining defendant. Under these circumstances we think the trial court was justified in eliminating from the new trial the two defendants who after a fair trial had obtained favorable verdicts.

■ The third assignment of error asserts that, aside from all other questions, the trial court was in error in granting a new trial. The reason assigned by the trial court for granting the new trial was that the losing defendant had not joined with plaintiff and the two codefendants in a stipulation as to the amount of damages, in the event plaintiff was entitled to a finding in his favor. Consequently, the trial court held that with respect to the losing defendant there was no evidence of the amount of plaintiff's damages and that a new trial should be granted for that reason. Appellant argues that appellee, by his silence and failure to object to the stipulation when made in open court, was bound thereby. The record presents an interesting question and one not free from doubt. However, the trial court resolved the question against appellant and granted a new trial. As yet, there has been no new trial, and as between appellant and appellee there is no final judgment in the case. With certain exceptions not here material, the Act creating this court limits appeals to it from final orders or judgments (Code 1940, § 11—772); and we have held in Phillips v. Marvin's Credit, Inc., D.C.Mun.App., 35 A.2d 825, that an order granting a motion for new trial is

not a final order and consequently not appealable. This is in accord with the established rule in the federal courts. Delaware & H. R. Corporation v. Bonzik, 3 Cir., 95 F.2d 959; Southern Pac. Co. v. Klinge, 10 Cir., 65 F.2d 85, certiorari denied 290 U.S. 657, 54 S.Ct. 72, 78 L.Ed. 569; Sentinel Co. v. Dinwiddie, 7 Cir., 41 F.2d 57. Therefore, we cannot consider the merits of the question raised under the third assignment of error.

Appeal dismissed.