SOMERVILLE v. CAPITAL TRANSIT CO.

SOMERVILLE v. DAY.

Nos. 10599, 10698.

United States Court of Appeals District of Columbia Circuit.

Argued June 1, 1951.

Decided Sept. 21, 1951.

8.  28 U.S.C. § 2680(h).

9.  28 U.S.C. § 1346(b).

414

Mr. Dorsey K. Offutt, Washington, D. C., for appellant.

Mr. Paul R. Connolly, Washington, D. C., with whom Mr. John J. Sirica, Washington, D. C., was on the brief, for appellee Capital Transit Co.

Mr. Albert F. Adams, Washington, D. C., for appellee Howard Day.

Before CLARK, WILBUR K. MILLER and FAHY, Circuit Judges.

FAHY, Circuit Judge.

The appellant, Margaret Elizabeth Somerville, brought suit in the District Court against appellees Howard Day and the Capital Transit Company.[1] She sought to recover for injuries allegedly sustained in a collision between the taxicab in which she was riding and which was operated by Day and a streetcar owned and operated by the Capital Transit Company. The case was tried before a jury who returned a verdict against appellant as to the Capital Transit Company but in appellant's favor against Day. Upon timely motion thereafter filed by the latter, the District Court granted a new trial as to the issues between appellant and Day and denied a new trial against the Capital Transit Company. On the second trial the jury found in Day's favor. In due course appellant brought these appeals which are consolidated for hearing. She urges that it was an abuse of discretion for the trial court, in granting a new trial, to fail to do so as to the Capital Transit Company, and in not limiting the new trial against Day to the issue of damages only.

It is a familiar principle that the grant or denial of a new trial rests in the sound discretion of the trial judge and that the exercise of this discretion will not be disturbed on review except for abuse. Kenyon v. Youngman, 1930, 59 App.D.C. 300, 40 F.2d 812; Atlantic Greyhound Lines v. Keesee, 1940, 72 App.D.C. 45, 111 F.2d 657; Ecker v. Potts, 1940, 72 App.D.C. 174, 112 F.2d 581; Ryan v. U. S., Duncan v. U. S., 89 U.S.App.D.C. ——, 191 F.2d 779, decided July 26, 1951. Abuse is ordinarily established by showing that the trial court acted without authority, Freid v. McGrath, 1942, 76 U.S.App.D.C. 388, 133 F.2d 350, for an erroneous reason, cf. National Ben. Life Ins. Co. v. Shaw-Walker Co., 1940, 71 App.D.C. 276, 286, 111 F.2d 497, 507, or arbitrarily and without justification in light of all the circumstances as shown by a review of the record as a whole, Cornwell v. Cornwell, 1941, 73 App.D.C. 233, 118 F.2d 396; Boyle v. Bond, 1951, 88 U.S.App.D.C. 178, 187 F.2d 362.

In the instant case the motion for a new trial filed by Day recited numerous grounds, including, *inter alia,* that the verdict was contrary to the evidence, error of the trial court in refusing to give proffered instructions, excessiveness of the verdict, and newly discovered evidence. Which of these grounds were relied upon by the trial court in acting on the motion does not ap-

1. Capitol Cab Association was also named as a party defendant in the complaint, but the appellant dismissed the action as against it at pretrial proceedings.

pear from the court's order, from anything printed in the joint appendix, or from anything in the transcripts lodged with this court. Neither does the joint appendix nor said transcripts contain any record of the evidence produced on the first trial. In short, the state of the record before us precludes at the outset a finding of abuse in this case, unless we were to rule that the granting of a new trial as to one of two defendants sued jointly in tort is *per se* an abuse. That this is not the case is clear from the terms of Rule 59(a), Fed.R. Civ.P., 28 U.S.C.A., alone.[2] See also Dollar S. S. Lines v. Merz, 9 Cir., 1934, 68 F.2d 594, 595; United Retail C. & T. Ass'n v. Denahan, D.C.Mun.App.1945, 44 A.2d 69. Indeed, prior to the Federal Rules of Civil Procedure it was the practice for courts to order "a new trial only for those parties prejudiced by the judgment." 3 Moore's Federal Practice 3248 (1st Ed.). Accordingly, we cannot characterize the action of the trial court in granting a new trial in the manner done here as an abuse of discretion.[3]

The appellant also urges as error the denial of three requested instructions in the second trial. Two of these were drawn on the premise that the Capital Transit Company was a party defendant in the second trial. The other was drawn on the premise that the retrial was limited solely to the question of damages. These premises being contrary to the actual situation which pertained, the requests were properly denied.

Affirmed.

2. Rule 59. New Trials; Amendment of Judgments
   "(a) Grounds. A new trial may be granted *to all or any of the parties* and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; * * *." (Emphasis added.)

3. An affidavit accompanied the motion of Day for new trial. It set forth at some length that plaintiff had suffered injuries in another accident, prior to the trial, and did not inform the jury of these injuries, alleged to be similar to those claimed to have resulted from the accident in suit. Were we to infer that this affidavit furnished the basis for the award of a new trial to Day, our conclusion would be the same; that is, we could not say the court abused its discretion in denying a new trial against the Capital Transit Company, no error appearing in the trial which resulted favorably to that defendant, or in opening the new trial as to Day to both liability and injury. We have no solid basis on the record for holding that the affidavit, assuming it was the basis of the court's action, might not have justified a rehearing of the testimony as to liability as well as to injury.