FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a corporation, Appellant,

v.

Mary W. RUSSELL, individually and as Conservator of the property of Ned Russell, also known as Edmund A. Russell, III, Appellee.

No. 14678.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 19, 1959.

Decided March 5, 1959.

---

2. Dandridge v. United States, 356 U.S. 259, 78 S.Ct. 714, 2 L.Ed.2d 757 (1958).

3. 91 U.S.App.D.C. 135, 198 F.2d 299 (D.C.Cir., 1952).

Mr. Lowry N. Coe, Washington, D. C., for appellant.

Mr. George E. McMurray, Jr., Washington, D. C., with whom Mr. John E. Shea, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, FAHY and DANAHER, Circuit Judges.

## PER CURIAM.

The surety company appeals from an order granting summary judgment for the appellee. Appellant had sought a declaratory judgment that the District Court was without power to order cancellation of a conservator's bond and to approve a substitute surety at the expiration of the first year for which a premium had been paid. Appellant asked also that the court declare the bond in the amount of $565,000 to have remained in full force and effect and that the appellant have judgment in the amount of $1,890 representing premium which, except for the substitution, would have been due for the second year. Appellant pegs its position on its claim that there is no statutory authority for the action taken.

Appellant had qualified as a corporate surety in accordance with the rules of the District Court. On October 24, 1956, upon the appointment of the appellee as conservator of the person and of the estate of her husband, the appellant accepted a premium of $1,890 for the period October 24, 1956 to October 24, 1957, pursuant to the appellee's application. Therein she had agreed to pay the stated premium for the first year, "and the sum of * * * $1,890 annually in advance thereafter for each year during which liability under said bond shall continue in force and effect and until satisfactory evidence of the termination of such liability shall be furnished to the Company."[1]

About September 28, 1957, the insurance broker was advised by counsel for the conservator of her intention to request from the District Court authority to obtain another surety on a bond requiring a smaller premium. The broker notified the appellant accordingly. Early in October the broker further was advised by counsel for the conservator that the District Court had entered its order dated September 30, 1957 authorizing substitution of another surety and that

---

1. The surety reserved to itself "the absolute right to procure its release from said bond under any law for the release of sureties."

**352**

the bond of the appellant would not be renewed. The broker so informed the appellant. Thereupon the renewal premium notice charging the broker was returned to him by the company marked "Cancelled October 21, 1957 effective date," prior to the expiration of the first year's coverage. Appellant places no reliance upon possible lack of notice in advance of the order of substitution. In any event, appellant took no action.

On September 30, 1957, Judge Pine's order authorized the conservator to substitute another surety company "upon the expiration of said [appellant's] bond on October 24, 1957 and upon the filing of the new undertaking in the sum of $565,000 the surety on the prior undertaking shall stand discharged except as to prior defaults, if any." Even after the court's order ordering substitution of a different surety, appellant took no steps in court. It offers no explanation as to what reasons, if any, it might have had for its inaction. Appellant makes no showing that it was precluded in any manner from direct intervention in the first instance or from seeking reconsideration after the order had been entered. Instead, not until it brought this declaratory judgment suit, did appellant move as it now attacks the order collaterally, on the narrow ground that there is no specific statutory authority for the court's order substituting a different surety.

■■ We are not persuaded by the appellant's arguments to us. Cases in other jurisdictions dependent upon their governing statutes are not controlling here. The District Court by statute is authorized to prescribe rules for the administration of the business of the court.[2] Under and in accordance with these very rules, and certainly charged with notice of them, appellant gained its status as an approved surety. As such, it wrote the bond in question, and the bond was subject to the rules.

Rule 27 of the United States District Court for the District of Columbia authorizes the clerk "to grant and enter the following orders without further direction by the court, but his action may be suspended, altered or rescinded by the court for cause shown:

\* \* \* \* \* \*

"(3) *To Approve Bonds, Etc.* Orders approving bonds and undertakings \* \* \* when the order is consented to or when the surety is a corporation holding authority from the Secretary of the Treasury to do business within the District of Columbia and having a process agent therein."

The "cause shown" here was a lesser premium of some $500 per year. The order of September 30, 1957, in no way enlarged appellant's potential liability beyond that which might have accrued during the first year of its undertaking for which it had contracted and for which it had received full payment of the required premium. It is not alleged that a claim has been made against the surety because of its original undertaking. We are concerned solely with the court's power to permit the substitution of one surety for another.[3] We are satisfied that the District Court here possessed the power to permit the substitution. Cf. Wright v. Fidelity & Deposit Co., 5 Cir., 1928, 29 F.2d 641.[4]

Affirmed.

---

2. See Hine v. Morse, 1910, 218 U.S. 493, 504–505, 31 S.Ct. 37, 54 L.Ed. 1123; and 28 U.S.C. § 2071 which (as pertinent) provides: "The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business." And see Fed.R.Civ.P. 83, 28 U.S.C., re rule-making power of the District Court. Cf. Ecker v. Potts. 1940, 72 App.D.C. 174, 112 F.2d 581.

3. This is the only point we decide. No legal argument has been advanced concerning the fact that the substitution of surety was ordered without the court's having required the presence of the appellant before it.

4. And see 1 Mersch D.C.Prob. §§ 1161 and 1162.