Harry DRAZIN, Appellant,

v.

JACK PRY, INCORPORATED, a/k/a Jack Pry, Ltd., Appellee.

No. 2391.

Municipal Court of Appeals for the District of Columbia.

Submitted June 1, 1959.

Decided Oct. 1, 1959.

Rehearing Denied Oct. 26, 1959.

Philip R. Collins and Courtney Whitney, Jr., Washington, D. C., for appellant.

Milford F. Schwartz and Nelson Deckelbaum, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

The principal contention on this appeal is that the trial court committed error in its findings. The court found, among other things, that defendant-appellee's manager acted without either actual or apparent authority when he signed a lease of certain premises, thereby relieving appellee of obligation under the lease. No argument is made that the manager had actual authority, and because of our disposition of the case the other findings need no discussion.

The main thrust of plaintiff-appellant's argument is the presence of evidence which indicated that apparent authority was manifested to him, thus binding appellee. We think that this point is well taken. The statement of proceedings and evidence shows that in March 1956 a two-year lease of certain premises in the District of Columbia was signed on behalf of appellee by its manager, one Warren M. York. Appellant believed that York had authority to sign the lease. The testimony on this point was to the effect that appellant had been in appellee's place of business and discussed the lease with both Jack Pry, appellee's president, and York prior to its execution; that he had caused the lease to be typed and taken to appellee's office for signature; and that he had discussed its acceptance with Pry on several occasions but that the latter was undecided.

York testified that during the time in question he worked for appellee as manager; that he signed the lease on behalf of the business "we were operating," but that he had no specific authorization to do so; that it had been on his desk for at least a month; that he probably mentioned it to Pry; that after signing he did not discuss the lease with Pry, and that he left his employment about January 1957.

Pry testified that he occupied the premises in March 1956 under the lease but that he had the impression the lease was from month to month; that York was neither an officer nor a director of any of his corporations and had no authority to sign the lease in question; that he told appellant he would take the premises from month to month, although when this conversation occurred is not indicated; that he first learned of the lease after leaving the premises, and that he had not seen a copy of it until his appearance in court. The witness stated further that there had been a previous lease for the same premises between one of his companies and appellant, which had expired, and that he had personally signed that lease. Appellee vacated the premises

in March 1957 without giving notice to appellant. This suit followed.

█ It appears the trial court felt that some general, positive and intentional act or representation by the principal concerning his agent's authority is necessary in order to find a manifestation or appearance of authority for the agent to perform the specific act in question. That was an erroneous impression of the law. The rule that an appellate court will not disturb a finding of fact unless clearly erroneous is not in force when an error of law manifestly influences or governs the finding.[1] The apparent authority of an agent to perform an act may also arise by placing him in a position which causes a third person to reasonably believe that the principal had consented to the exercise of authority the agent purports to hold.[2] This falls short of an overt, affirmative representation by a principal, which the trial court required.

We think the error is of such nature that the judgment should be vacated and the case remanded for a new trial

It is so ordered.

1. Owen v. Commercial Union Fire Ins. Co. of New York, 4 Cir., 1954, 211 F.2d 488. Cf. Glenn v. Kraft, 1947, 82 U.S.App.D.C. 381, 164 F.2d 715.

2. See Livingston v. Fuhrman, D.C.Mun. App., 1944, 37 A.2d 747, 748, and Crane v. Postal Telegraph Cable Co., 1918, 48 App.D.C. 54, 61. Cf. Hoddeson v. Koos Bros., 1957, 47 N.J.Super. 224, 135 A. 2d 702, 707.