**JACK PRY, INCORPORATED, also known as Jack Pry, Ltd., Appellant,**

v.

**Harry DRAZIN, Appellee.**

No. 2792.

Municipal Court of Appeals for the District of Columbia.

Argued July 5, 1961.

Decided Aug. 8, 1961.

Nelson Deckelbaum, Washington, D. C., with whom Milford F. Schwartz, Washington, D. C., was on the brief, for appellant.

Philip R. Collins, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

SMITH, Judge.

This case was before us previously, D.C. Mun.App., 154 A.2d 553. Involved is substantially the same question of whether appellant's manager had apparent authority to sign a two-year lease for certain premises.

In March 1956 a two-year lease was entered into between appellee, Harry Drazin, and appellant, an automobile dealer. Warren M. York, appellant's manager, signed the lease for appellant. Drazin testified that prior to the signing of the lease by York he had negotiations with both York and Jack Pry, appellant's president. Pursuant to these negotiations, he drew up a lease for two years and left it with York. Subsequently York signed the lease for "Jack Pry Ltd.," and the corporation entered into possession of the premises. Appellee further stated that he had dis-

cussed the lease more with York than with Pry; that York appeared to be "the boss" whenever Pry was unavailable; that during appellant's occupancy he had received rent payments by checks drawn on corporations of which Jack Pry was president; and that appellant vacated the premises in March 1957 without notice.

York testified that he was employed by appellant during the period in question as general manager; that he ran the business while Pry was out of town; that he had authority to sign checks and transfer titles to automobiles; that he had signed the lease in question on behalf of appellant; that he had no specific authority to do so; that Pry had expressed the desire of entering into a lease from month to month; and that although Pry had probably seen the lease earlier, he had no knowledge of Pry seeing it after it was signed.

Pry testified that although the corporation occupied the premises, it was his impression that the lease was from month to month; that during the negotiations with appellee he indicated his desire to take the premises from month to month; that York had no authority to enter into the lease; and that he first learned of the lease after the corporation left the premises and did not see the lease until his appearance in court in the previous action.

The trial court found that York was clothed with apparent authority to enter into the lease and this appeal followed. The apparent authority of an agent arises when the principal places the agent in such a position as to mislead third persons into believing that the agent is clothed with authority which in fact he does not possess.[1] York had authority to sign checks, transfer titles to automobiles, and appeared to be in charge whenever Pry was unavailable. In addition, there was testimony that York rather than Pry handled most of the negotiations prior to the signing of the lease.

Under the circumstances, the trial court was justified in finding that it was not unreasonable for appellee to believe that York had authority to enter into the two-year lease for Pry.

From our examination of the record, we conclude that appellant's other assignments of error are without merit.

Affirmed.

1. See Livingston v. Fuhrman, D.C.Mun.App., 37 A.2d 747, and Crane v. Postal Telegraph Cable Co., 48 App.D.C. 54.