Earl M. LEVEN, t/a Eastern Detective Academy, Appellant,

v.

The GOVERNMENT EMPLOYEES' EXCHANGE, INC., Appellee.

No. 3300.

District of Columbia Court of Appeals.

Submitted Sept. 9, 1963.

Decided Sept. 24, 1963.

Andrew L. Geisler, Washington, D. C., for appellant.

Ruffin A. Brantley, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellee sued appellant for the cost of publishing an advertisement in its newspaper on six consecutive occasions. Appellant admitted owing for one publication, but denied it had authorized the subsequent ones. Appellee recovered judgment for the entire amount, from which judgment this appeal was taken.

Appellant contends error was committed in admitting into evidence a carbon copy of a letter from appellee confirming the telephone order for publication without first requiring appellee to show it made a bona fide attempt to produce the original letter or to establish its unavailability.

Failure to produce the original letter, even if error, was harmless and not a ground for reversal[1] as the trial court found corroboration for the terms of publication in other evidence produced by appellee. The trial court, in making its findings, announced that the oral testimony of the parties was about evenly balanced on the terms of the agreement, but rendered a ruling favorable to appellee upon the corroboration supplied by a written approval for publication "in 6 consecutive issues" which was signed by appellant's "Sales Manager" who had ap-

1. Baldi v. Nimzak, D.C.Mun.App., 158 A.2d 915, 917; Fowel v. Insurance Bldg., Inc., D.C. Mun.App., 32 A.2d 100.

parent authority to make such a commitment.[2]

 The issue of fact relating to the number of insertions having been resolved in favor of appellee upon competent evidence, we find no reversible error.

Affirmed.

2. Jack Pry, Incorporated v. Drazin, D.C. Mun.App., 173 A.2d 222, 223; Drazin v. Jack Pry, Incorporated, D.C.Mun.App., 154 A.2d 553, 554.