MATILDA E. RYDER *et al.*

*v.*

REBECCA EMRICH *et al.*

*Filed at Springfield September 28, 1882.*

1. ADMISSIONS—*whether value as evidence impaired by lapse of time.* Evidence of the admissions of a father, made some twelve years before, that he bought a tract of land with the money of his children by a former wife, will not be rejected on account of the lapse of time since the admissions were made, nor will its credibility be affected, unless there are other reasons impairing its value.

2. STALE CLAIMS—*in equity.* On a bill by the children of a person by his former wife, after his death, against his devisees, to enforce a resulting trust in their favor to land bought by him with their money in his hands, it seems that the relief will not be barred as a stale claim for any period short of the limitation of an action of ejectment. In such case the relationship of the parties is to be considered on the question whether the delay to assert their rights is unreasonable.

3. CHANCERY—*enforcing resulting trust—rents and profits, and taxes paid.* Where the children of a deceased person by a former wife, on a bill to enforce a resulting trust in their favor, obtained a decree granting the relief sought, against the widow and other children of the deceased, to whom

he had devised the land, it was urged by the widow that it was error not to have taken an account of the taxes paid by her, and the rents and profits of the land: *Held*, that as she was in the occupancy of the land, every presumption was that the rents and profits received by her exceeded the taxes, and hence the assignment of error was not well taken.

4. SAME—*payment of legacies by devisee—as chargeable against the real owner of the land devised.* Where a widow to whom land has been devised for life, subject to certain legacies charged thereon, pays such legacies after bill is filed against her and others to enforce a resulting trust in favor of the complainants, claiming that the devisor bought the premises with complainants' money, the widow will not be entitled to have allowed her the amount so paid by her. Her payment after the filing of such bill is at her peril.

APPEAL from the Circuit Court of Shelby county; the Hon. JESSE J. PHILLIPS, Judge, presiding.

Messrs. MOULTON, CHAFEE & HEADEN, for the appellants:

The evidence upon which the complainants rely to prove the trust, considering the lapse of time and circumstances, and the persons to whom the alleged statements were made, ought to be regarded as sufficient to disturb the title to real estate.

The Statute of Limitations is a complete bar to the bill. To exempt a trust from the statute it must be a direct trust, and cognizable only in equity, and between trustee and *cestui que trust.* Angell on Limitations, chap. 16, sec. 166; *Kane* v. *Bloodgood,* 7 Johns. Ch. 98; *The Governor* v. *Woodworth,* 63 Ill. 254; *Manning* v. *Warren,* 17 id. 267; *Godden* v. *Kimmel,* 9 Otto, 208; Perry on Trusts, sec. 865; *Hayward* v. *Gunn,* 82 Ill. 389; *Quayle* v. *Guild,* 91 id. 378.

In States where there are remedies against administrators and guardians, at law, and limitations are fixed to these actions, the rule in equity is the same as at law. Angell on Limitations, secs. 170, 178; *Kane* v. *Bloodgood,* 7 Johns. Ch. 98.

After the ward becomes of age the fiduciary relation ceases, and the parties are regarded as debtor and creditor, and the

472 RYDER *et al.* v. EMRICH *et al.* [Sept.

Brief for the Appellees.    Opinion of the Court.

Statute of Limitations applies. Angell on Limitations, sec. 178; 3 Wait's Actions and Defences, 563; *Armstrong* v. *Walkup*, 12 Gratt. 608; *Gilbert* v. *Guptill*, 34 Ill. 112; 10 Yerg. 160; 2 Edw. Ch. 343; 19 Ark. 623.

It is an invariable rule of law that to revive a stale claim, an express promise to the parties themselves is necessary, and an acknowledgment to a stranger does not affect the bar. *Carroll* v. *Forsythe*, 69 Ill. 127; *Wachter* v. *Albee*, 80 id. 47; *McGrew* v. *Forsythe*, 80 id. 596; *Tredway* v. *Forsythe*, 5 Bradw. 478.

Messrs. MOUSER &· KELLEY, for the appellees:

When land is purchased with the money of one person and the deed taken in the name of another, a resulting trust is created in favor of the one whose money was used. Perry on Trusts, page 100, sec. 127; *Coates* v. *Woodworth*, 13 Ill. 654; *Smith* v. *Smith*, 85 id. 189; *Mathis* v. *Stufflebeam*, 94 id. 481.

Guardians are trustees, and remain so until their duties are fully discharged by settlement with the court, and payment to their wards. *In re Steele et al.* 65 Ill. 323; *Gilbert* v. *Guptill*, 34 id. 139; *Albrecht* v. *Wolf*, 58 id. 190.

The limitation law in force at the time the cause of action accrues, governs. *Beesley* v. *Spencer*, 25 Ill. 216.

In 1867, a legal title, except in a few instances resting on special statutes, could only be barred in twenty years. Gross' Stat. chap. 66, sec. 7; *Kerr et al.* v. *Hitt*, 75 Ill. 60; *Turney* v. *Chamberlin*, 15 id. 271; *Weber* v. *Anderson*, 73 id. 439. Equity applies the same rule to an equitable title. Angell on Limitations, page 22, sec. 26; *Bourland* v. *Peoria County*, 16 Ill. 545.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in chancery, filed by appellees, against appellants, to have a resulting trust declared in their favor,.

for seventy-four acres of land.   It appears that Jacob Emrich
became the guardian of appellees, in August, 1865.   They
were his daughters by a former wife, and he received of their
money, as such guardian, $882.30; that he purchased the
land in controversy on the 23d of January, 1867, and it is
claimed he paid for it with their money, which he held as
their guardian, and received a deed for the same in his own
name.   Emrich died after having made and published his
will, by which he devised this land to his widow for life,
remainder to his son Jacob in fee, but charging it with the
payment of some legacies.   The will was probated, but ap-
pellees renounce all benefit under its provisions.   They pray
that the trust be declared in their favor, and the title vested
in them.   On a hearing the court granted the relief asked,
and defendants appeal to this court.

In defence, it is denied that the land was paid for with
appellees' money,—that if their money was paid for any land
it was for another tract, and if it was paid for the land in
dispute, the claim is stale, and is barred by the five years'
Limitation law; that Emrich settled with and paid to appel-
lees all money he held as their guardian.

We regard the evidence ·as entirely sufficient to clearly
establish the fact that appellees' money was paid for this
land.   Emrich, on repeated occasions, and to different per-
sons (to as many as four), deliberately and distinctly admitted
or stated that the money of appellees went into this land.
Nor is there any evidence in the case that overcomes or even
breaks its force.   It is, however, claimed, that owing to the
length of time since the admissions were made,—owing to the
imperfection of human memory,—it is not reliable.   We are
aware of no rule ·that mere lapse of time requires the evi-·-
dence to be rejected, or limits the credibility of evidence,
unless there be reasons impairing its force.   It is true that
the conversations detailed by the witnesses occurred ten or
twelve years before they testified, but it is by no means

remarkable that witnesses should remember occurrences for such a period. On the contrary, it would be rather remarkable that such a conversation should not be remembered by them. The very fact that the neighbors knew the father had the money of his daughters, would be a matter of discussion and curiosity to learn what disposition he had made of it, and in which all would make it a matter of concern, and on learning the fact, they would not be likely to forget it. The proclivity of many persons to interest themselves in the affairs of their neighbors is so strong that it would be almost incredible if they did not learn and remember such an occurrence.

It is urged that the money was paid to appellees, and the fact is evidenced by their receipts on file in the office of the probate court. The payment of the money, and the execution of these receipts, are positively denied by appellees, and they are corroborated by the testimony of as many as three witnesses who were familiar with their handwriting, who say it does not resemble, nor do they believe it is, theirs. This evidence stands unimpeached, and if it may be believed, the receipts are overcome.

It is also urged that the great delay in asserting their rights, having waited until after their father's death, is evidence that the claim of appellees is fictitious. It seldom occurs, as experience teaches, that a child sues a parent, whatever the wrong, or the right of recovery, and when it is done, so unnatural an act renders the child odious to the community. It would not, therefore, be expected that they would have sued him, however just their claim. It is a rule in chancery practice, that where a claim is barred by the Statute of Limitations in an action at law, the same rule will be applied in a suit in equity, on account of the staleness of the demand. Here is a claim to the equitable title to this land. It is a claim to the title, and not the money that paid for the land, and no action to recover title to land is barred under seven years, and others not short of twenty years.

Neither the act of 1835 nor of 1839, limiting the recovery to seven years, can have any application, because neither the pleadings nor the evidence make a case under either statute. If any statute can apply in such a case, it is the limitation of twenty years, and it can not because it was not pleaded, nor has that period of time expired. The suit being to recover the land, it is, and can be, only analogous to an action of ejectment. Had this bill been for an account and for a decree for the money, there would be more plausibility for contending that because an action of assumpsit would have been barred, therefore a decree on the bill would be barred. The suit was not barred, and therefore that defence must fail.

It is urged that the court should have ordered an account to be stated of the rents and profits, and the taxes paid by the widow. She was in the occupancy of the land, and every presumption is in favor of the fact that the rents were greater than the taxes, and there is no evidence to overcome the presumption.

It is also complained that the widow was not allowed the amount of the legacies charged on the land, which she claims to have paid. If it devolved on her by the terms of the will to pay them, she did not make payment until after suit was brought. By doing so after that time, it was at her peril. She, in making payment, hazarded loss in case of a recovery by appellees. The payment was in her own wrong, and there is no known rule of law that can visit the consequences of that wrong on others. She knew this suit questioned the very validity of these legacies, and she should have awaited the determination of that question.

The whole record considered, we are unable to find any error for which the decree of the court below should be reversed, and it is affirmed.

*Decree affirmed.*