**JENNINGS v. MURPHY.**

No. 10465.

United States Court of Appeals
Seventh Circuit.

Jan. 25, 1952.

Silvio E. Piacenti, Chicago Heights, Ill., Frank J. Pause, Chicago, Ill., for appellants.

Charles D. Snewind and Pretzel & Stouffer, all of Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and KERNER and LINDLEY, Circuit Judges.

**LINDLEY, Circuit Judge.**

Plaintiff's suit, as Executrix of the Last Will and Testament of Frank M. Jennings, Deceased, and in her own right, to recover damages resulted in a verdict and judgment for defendant. On appeal she insists that the verdict was contrary to the manifest weight of the evidence; that the trial court erred in admitting improper and prejudicial evidence, and that counsel for defendant made remarks in the presence of the jury of such prejudicial character as to destroy the integrity of the verdict.

■ The record here is not largely variant from that in the ordinary automobile collision case. The evidence, considered in the light most favorable to defendant, as we must view it, was such as to justify the jury in finding the facts to be as follows. On the evening of July 13, 1948, the deceased, Frank Jennings and his wife, the plaintiff, were driving south, near Chicago, on Harlem Avenue, a road designated as Route 42A. This route as such terminates at its intersection with U. S. Route 30, the Lincoln Highway, but the road itself continues across and southward beyond Route 30. As Jennings and his wife approached the intersection with Route 30, running east and west, they saw, north of the crossing, on the west side of the pavement, first, a warning sign bearing the words "Caution, Cross Road Ahead" and somewhat further along, north of the intersection, a stop sign. In other words, Route 30 is a preferential highway and travelers entering it from Route 42A are required to stop before proceeding. As the Jennings' car approached the crossing from the north, defendant Murphy was coming from the east on Route 30 in his Oldsmobile. The only traffic sign on that road was "Slow, Junction 42A." This highway, for some 1000 feet eastward from the intersection, was in open country; nothing obstructed the view of either of the drivers as they traveled in their respective directions.

The crucial issue of fact confronting the jury was what actually occurred to bring about the collision between the two cars. It is plaintiff's hypothesis that she and her husband came to a stop at the intersection; that, after a short wait, they turned to the left and east on Route 30 and that directly later defendant collided with them, without fault on their part. Defendant offered evidence to the contrary. He said that as he approached the intersection, he was traveling about 40 miles per hour; that he saw the Jennings car; that he assumed it would stop; that it did not stop and that when he saw it was not going to halt, in an attempt to avoid hitting it, he turned to the left, hoping to pass in front of it, but collided with it. Plaintiff testified she and her husband stopped. Defendant said they did not. There was some evidence corroborating defendant's theory to the effect that the debris on the pavement caused by the collision was found in the middle of the intersection and not elsewhere. It will be seen, therefore, that the decisive question was one of fact for the jury, which, in resolving questions of credibility, found against plaintiff in favor of defendant.

■■ We need not advert to citation of authority that under the procedure prescribed for United States Courts, the function of deciding all questions of fact is that of the jury or, in the absence of a jury trial, that of the trial court and that this rule has its reason and foundation not only in the constitution but also in the fact that those who see and hear witnesses are much better equipped to weigh the evidence and determine the credibility to be extended to those testifying than are the judges of courts of review who do not enjoy the same advantages. Under no circumstances are we authorized to reverse findings of fact unless they are clearly erroneous. Federal Rules of Civil Procedure, Rule 52(a), 28 U.S.C.A.

■ That the evidence, considered most favorably toward defendant, sustains the judgment, is apparent from Illinois authorities. Under Bradley v. Thomas M. Madden Co., 333 Ill.App. 153, 76 N.E.2d 797, it is not negligence for a driver, confronted with the necessity of preventing collision, to drive his automobile to the left in a bona fide attempt to avoid striking another. Consequently, as the jury must have believed that the defendant here turned to the left in a reasonable attempt to avoid the collision, it can not be said

as a matter of law that his action in this respect was negligent. See Bunch v. McCallister, 266 Ill.App. 248.

Section 69 of the Illinois Uniform Traffic Act, as amended, Ch. 95½, Smith Hurd Ann.Stat. § 166, provides that the driver of a vehicle intending to turn to the left at an intersection must yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard. Furthermore, under Section 70, Paragraph 167 of Ch. 95½, it was the duty of the Jennings to stop before entering the through highway and, if they did not do so and ascertain whether the way was clear, as the jury evidently believed and as it had the right to believe was the fact from defendant's evidence, they had no right, under those circumstances, to cross Route 30 or to turn to the left into it. Mantonya v. Wilber Lumber Co., 251 Ill. App. 364. And defendant, driving on Route 30, a preferential highway with no stop signs, had a right to assume that Jennings would stop, at the behest of the sign, as required by law, before entering the crossing and ascertain whether he could proceed safely. In other words, if the jurors believed the facts most favorable to defendant, as they appear in the record, they were fully justified in finding plaintiff and her decedent guilty of contributory negligence and defendant not negligent. This decision, based upon adequate substantial evidence, we are without authority to set aside. VonMoltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309.

It is asserted that the trial court improperly admitted the testimony of one Jadron, who testified that he came to the place of collision about 11:20, within an hour after the accident. This lapse of time, says the plaintiff, was so great as to render the evidence inadmissible. But no other accident had occurred at the intersection between the time of the collision and Jadron's appearance. The only debris found was that resulting from the collision between plaintiffs' car and that of defendant, and this, the witness said, he found in the middle of the crossing, thus corroborating defendant's version. Whether a fact is so remote as to have no probative value depends upon the particular facts and circumstances involved. Wood v. Prudential Insurance Co. of America, 271 Ill.App. 103; Ryder v. Emrich, 104 Ill. 470. What may be too remote in one instance, may be entirely germane in another. We think it clear that, under the proof here, the witness' testimony as to what he found within an hour's time was not too remote.

Plaintiff complains of a comment by counsel for defendant concerning one Sergeant Hall, who had testified that he examined the conditions at the place of collision. Defendant asked the witness by whom he was subpoenaed and the court inquired what difference "does it make who served the subpoenae upon him." Counsel replied that he wanted "to know how far the officer would go." This remark, plaintiff complains, was prejudicial. Defendant retorts that, under the testimony of other police officers, it was questionable whether Hall was present, and insists, therefore, that the remark was fair. The court merely commented "never mind." The remark was not in the best of ethical taste, to say the least, but, in view of the uncertainty as to whether the witness had been present at the time he claimed to have been, we think it was not prejudicial.

Plaintiff complains also of the interrogation and argument by counsel for defendant as to the property owned by the decedent and the financial condition of plaintiff. We find nothing prejudicial in this respect, in view of the further fact that plaintiff's financial status had been injected into the record by plaintiff herself.

Plaintiff asserts further that, in the final argument, counsel for defendant made improper remarks, tending to mislead the jury. One such comment concerned one Chamik, who, the attorney said, "came in and took a look at Mr. Piacenti (attorney for plaintiff) and forgot what he told at the inquest." Upon another occasion, during the argument, the same counsel declared "he (meaning Mr. Piacenti) has gone all out in highpointing a case that was built and fabricated from the beginning to the end." The court charged the jury that the remark was not justified. In another in-

stance, counsel said he blamed the man "sitting here, Silvio Piacenti, for that, and I will show you why as we go along." These and other somewhat similar remarks reflecting upon the integrity of opposing counsel the trial judge expressly disapproved. Thus, during the argument of the motion for a new trial, he said that there was nothing in the case to show that it was "built and fabricated from the beginning to the end * * * statement that the witness looked at counsel and changed his testimony * * * there was nothing in the record to show that, and it shouldn't have been said. Your remarks along that line were highly improper and they were unjustified. * * * I cannot understand why you, a lawyer of experience would do it. * * * You were going * * * as far as you possibly could and you overstepped the bounds. * * * It has been a long while since I have had occasion to say anything like this * * * for a lawyer with your experience, there is no justification for it at all." The judge then announced that he would think the matter over and decide what he would do; later, having considered the matter for some time, he denied the motion for new trial. Thus, it appears that the court, after mature deliberation, concluded that nothing of prejudicial character had occurred.

 We are in hearty sympathy with the expressions of the experienced trial judge concerning the obligations of trial lawyers. We, too, disapprove such appeals to prejudice; such references to irrelevant matters have no proper place in a trial under American jurisprudence. However, we must remember that the trial court, endowed with the primary responsibility for maintenance of impartial minds upon the part of the jurors, inspired with a conscientious desire to conduct the trial in an atmosphere of fairness and impartiality, decided, after due deliberation and after full opportunity to consider everything that had happened, that there was nothing of such character as to prejudice the jury. In this situation we observe that the charge of the court is not brought to us. We must assume that it fully advised the jury as to the impropriety of any remarks made by counsel. Hansen v.

Henrici's Inc., 319 Ill.App. 458, 49 N.E.2d 737; Bolle v. Chicago, N. W. R. R. Co., 258 Ill.App. 545. Furthermore, granting or refusing a motion for a new trial rests within the sound discretion of the trial court and its ruling in this respect can not be disturbed on appeal in the absence of a showing of a manifest abuse of such discretion. There being, we think, absence of clear abuse of discretion, the judgment must be affirmed. Firestone Tire & Rubber Co. v. Nollman, 5 Cir., 107 F.2d 176; Fyre v. Lyon, 55 App.D.C. 48, 299 F. 926. The same rule abides in Illinois where this accident occurred and where the case was tried. Couch v. Southern Railway, 294 Ill. App. 490, 14 N.E.2d 266; Corcoran v. City of Chicago, 373 Ill. 567, 27 N.E.2d 451.

The judgment is affirmed.