### FLENER v. LOUISVILLE & N. R. CO.

No. 10531.

United States Court of Appeals
Seventh Circuit.

June 20, 1952.

Rehearing Denied July 12, 1952.

John H. Jennings, Evansville, Ind., for appellant.

Phelps F. Darby, William T. Fitzgerald, Evansville, Ind., for appellee.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff brought this action under the Federal Employers' Liability Act seeking damages for negligence by defendant alleged to have occurred while steel rails were being loaded into a gondola car in defendant's yards near Evansville, Indiana. The jury rendered a general verdict favorable to plaintiff assessing damages at $7,500. Claiming that the damages awarded were inadequate, plaintiff brings this appeal.

On January 21, 1949, plaintiff's ward, Will Flener, was 48 years of age and was employed by the defendant as a section hand, earning approximately $1.18 per hour, plus living quarters (a house situated upon railroad property). On that date he was one of a crew which was loading steel rails into a gondola car which had sides 4½ to 5 feet high. A crane lifted five or six rails at one time, but some difficulty was encountered in attempting to lay them level in the bottom of the car. Flener and one Williams, another member of the crew, got into the car to assist. Plaintiff claimed that without warning the crane operator jerked the rails, which raised up and struck Flener, knocking him out of the car and onto the ground. The crane operator denied raising the rails, but testified that in an attempt to cross over to the opposite side of the car Flener stepped upon one end of the rails at the moment when the other end dropped to the level of the car floor, and the action was like a springboard, throwing Flener up over the side of the car and onto the ground. Throughout the trial defendant strongly urged that the act of Flener stepping on the rails while they were still attached to and being maneuvered by the crane amounted to contributory negligence.

When Flener was knocked out of the car, he landed on his head, and as a result he suffered serious injuries, including a fracture dislocation of his neck at the level of the fifth cervical vertebra, and three broken-off teeth. He was hospitalized for five months, and for a time was required to be on his back, with a heavy weight attached to his neck; thereafter for three or four months he wore a plaster cast, followed by a period when he wore a brace around his neck. Flener resumed employment, being limited to light work, in November, 1949, but shortly thereafter suffered a mental breakdown and was ordered by the Superior Court to be committed to the State Hospital for the Insane, where he remained for five months. Although plaintiff claimed a causal connection between Flener's injuries and his mental condition, the evidence at the trial revealed that Flener had been afflicted with mental trouble for several years prior to the accident. Although the complaint alleged Flener had incurred medical, hospital, doctor and nursing bills in excess of $5,000, the evidence disclosed that up to the date of the trial all such bills had been paid by the defendant.

After defendant's motion for a directed verdict had been denied, the jury returned a general verdict favorable to plaintiff, and assessed damages at $7,500. Asserting that the damages awarded were entirely inadequate and that this was due to the passion and prejudice of the jury caused by alleged misconduct of defendant's counsel, plaintiff made a motion for a new trial, which motion was denied. Plaintiff appeals from the judgment in her favor in the sum of $7,500.

The claim of misconduct by counsel for defendant principally relied on is his repeated efforts to bring before the jury that Flener was receiving railroad retirement benefits. Time and again defendant's counsel brought up the question of railroad retirement benefits even though in propounding the inquiry this was clearly superfluous and irrelevant. Counsel for plaintiff repeatedly objected to the references to retirement pay. In the beginning the court overruled these objections by plaintiff's counsel, and at one point stated, "It is all connected up; it is pertinent to show what she is receiving. I understand those bene-

fits are not only accumulated out of tax dollars, but also railroad dollars." However, later, during the examination of W. F. Goins, the court ruled that such questions were objectionable, and admonished defendant's counsel that it was not necessary to include reference to retirement benefits in order to properly propound his inquiries. After the court had reversed its earlier rulings, the defendant called Dr. Ruddick as a witness. He proved to be an eager, willing witness in behalf of the defendant, and twice during his examination confirmed that Flener was drawing a pension from the railroad. Upon the doctor's first reference to Flener's pension, objection was. made by plaintiff's counsel who requested the court to admonish the jury to disregard "the doctor's remarks in respect to the matter of pension." The court did so, but in spite of this ruling and in spite of the admonition, a very short time later the doctor again mentioned the matter of Flener's pension and the court again instructed the jury to disregard such remarks.

Assuming, as the evidence seemed to clearly indicate, that the jury believed that Flener's mental condition was not brought on by his injuries, nevertheless the damages awarded in the verdict were in the low range, considering the serious injuries which he sustained. Defendant argues that its claim that Flener was guilty of contributory negligence was strongly asserted throughout the trial, and that the court instructed the jury that they could diminish the damages in proportion to Flener's negligence.[1] Defendant argues that we must assume that the jury found Flener to be contributorily negligent, and diminished the amount of the damages pursuant to the court's instructions. We think such an assumption is unwarranted. The general verdict tells us no more than that the jury found the issues favorable to the plaintiff. Had a special verdict been submitted, the jury would have been required to make a specific finding as to contributory negligence. But conceding the jury found the issues favorable to plaintiff does not, in an action under the Federal Employers' Liability Act, rule out the possibility that the jury found that Flener was guilty of contributory negligence.

Counsel for both plaintiff and defendant refer in their briefs to the instructions given by the trial court. We can assume that the court did give some instructions, but we are in the dark as to what the court said. The instructions are not contained in the printed record or in the transcript filed in this court. Whether the omission was an oversight or by design, we do not know. Either party could have designated the court's instructions as part of the record, but both failed to do so.

Despite this unsatisfactory state of the record, we must assume that the trial court correctly instructed the jury on the issues in the case, Jennings v. Murphy, 7 Cir., 194 F.2d 35, 38, and informed them of the statutory requirement that if Flener was found to be in some degree guilty of contributory negligence, his damages should be diminished in proportion to the amount of negligence attributable to him. We assume further that the court fully advised them as to any impropriety in questions asked by defendant's counsel, or in his argument to the jury. Jennings v. Murphy, supra; Hansen v. Henrici's, Inc., 319 Ill.App. 458, 49 N.E.2d 737.

We come now to a consideration of the trial court's denial of plaintiff's motion for a new trial based upon asserted inadequacy of damages which plaintiff claims resulted from the misconduct of defendant's counsel. It is fundamental that a motion for a new trial is addressed to the sound judicial discretion of the trial court, and the court's ruling will not be disturbed on appeal in the absence of a showing of clear abuse of such discretion. Jennings v. Murphy, supra; Somerville v. Capital Transit Co., C.A., D.C., 192 F.2d 413; Commercial Credit Corp. v. Pepper, 5 Cir., 187 F.2d 71; Youdan v. Majestic Hotel

1. "* * * the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: * * *." 45 U.S.C.A. § 53.

Management Corp., 7 Cir., 125 F.2d 15. The judicial control of a jury verdict in a suit for personal injury is primarily for the trial court. Scott v. Baltimore & O. R. Co., 3 Cir., 151 F.2d 61, 65. We must, therefore, determine whether the record before us discloses that the trial court's denial of the motion for a new trial was a clear abuse of judicial discretion.

We think all questions by defendant's counsel incorporating a reference to Flener's receiving railroad retirement benefits were objectionable. Chicago Great Western Ry. Co. v. Peeler, 8 Cir., 140 F.2d 865. Whether Flener was receiving benefits under the Railroad Retirement Act, 45 U.S.C.A. § 215 et seq., was immaterial and irrelevant to the issues in this case. But, up to the time that the trial court ruled that such references were improper, it cannot be said that the questions including such references propounded by defendant's counsel amounted to prejudicial misconduct. If defendant's counsel had persisted in phrasing his questions in that manner after the court had ruled it was improper, a different situation would exist. Nor do we think the trial court's somewhat tardy sustaining of such objections was prejudicial, in the light of its subsequent admonitions to the jury. The only references to retirement benefits after the court sustained the objections of plaintiff's counsel were the statements by Dr. Ruddick elicited on cross-examination by plaintiff's counsel. The court in both instances promptly admonished the jury to disregard the doctor's reference to retirement benefits.

Passion and prejudice of the jury will not be inferred from the mere excessiveness of the award. Larsen v. Chicago & N. W. R. Co., 7 Cir., 171 F.2d 841, 845. The same rule must be applied when it is claimed that the award is inadequate. In Fairmont Glass Works v. Cub Fork Coal Co., 287 U.S. 474, the Supreme Court said, at page 485, 53 S.Ct. 252, 255, 77 L.Ed. 439: "Clearly the mere refusal to grant a new trial where nominal damages were awarded is not an abuse of discretion. This Court has frequently refrained from disturbing the trial court's approval of an award of damages which seemed excessive or inadequate, and the circuit courts of appeals have generally followed a similar polity."

This court has adhered to the rule that it will not review a judgment for excessiveness of damages.[2] Wetherbee v. Elgin, Joliet & Eastern Ry. Co., 7 Cir., 191 F.2d 302; Fritz v. Pennsylvania R. Co., 7 Cir., 185 F.2d 31; Larsen v. Chicago & N. W. R. Co., supra; Buchanan v. Chicago & N. W. Ry. Co., 7 Cir., 159 F.2d 576. Where the damages awarded are alleged to be inadequate the same rule must be applied.

Although Flener received serious injuries, there was medical testimony that he had made an excellent recovery physically. Dr. Kauffman testified that Flener had only a slight limitation of the rotation of the cervical vertebra to the left. Dr. Ruddick testified he had a slight limitation of movement in the neck, but that there was no damage to the skull, and further that Flener was physically able to work. The jury was entitled to believe this testimony. Considering that all of Flener's doctor, hospital and other medical bills up to the time of trial had been paid by defendant, and in the light of the medical testimony, we cannot say that the award of $7,500 damages was shockingly inadequate. The award cannot be placed in a classification of "monstrous," as stated by the Supreme Court in Affolder v. N. Y. C. & St. L. R. Co., 339 U.S. 96, 101, 70 S.Ct. 509, 94 L.Ed. 683.

We have concluded that a clear or manifest abuse of sound judicial discretion by the trial court has not been shown by the plaintiff, and therefore that judgment in favor of the plaintiff for the sum of $7,500 damages and costs must be affirmed.

2. The writer of this opinion expressed the personal view in Wetherbee v. Elgin, Joliet etc. Co. case, supra, that he favored following the example of the Courts of Appeals for the Fourth Circuit, Virginian Ry. Co. v. Armentrout, 166 F.2d 400, and the Ninth Circuit, Cobb v. Lepisto, 6 F.2d 128, to the effect that where a verdict is grossly excessive the refusal of the trial court to grant a new trial is an abuse of discretion.