**RUETER**
v.
**VILLAGE OF VERSAILLES.**
No. 10935.

United States Court of Appeals, Seventh Circuit.
May 28, 1954.

Schmiedeskamp & Jenkins, Quincy, Ill., Alfred M. Pezman, Mt. Sterling, Ill., Carl G. Schmiedeskamp, Quincy, Ill., for appellant.

E. J. McManus, Keokuk, Iowa, A. M. Wooleyhan, Quincy, Ill., McManus & McManus, Keokuk, Iowa, Penick & Penick, Quincy, Ill., for plaintiff-appellee.

Before DUFFY, FINNEGAN and SWAIM, Circuit Judges.

FINNEGAN, Circuit Judge.

An Illinois Statute [1] declaring that it is a public nuisance, " * * * 5. To

---

1. Smith-Hurd Ann.St.Ch. 38, § 466; Ill. Rev.Stat.1947, chap. 38, ¶ 466 (§ 221) clause 5. Though we cite the State Bar Association Edition of Illinois Statutes in effect at the time plaintiff's cause of action accrued it is to be noted clause 5, supra, remains unchanged to date.

obstruct or encroach upon public highways, private ways, streets, alleys, commons, landing places * * * " underlies plaintiff's judgment for $10,395.02 damages, brought here for reversal by the defendant, Village of Versailles.

There is ample support in this record for several salient findings of fact, which we will not disturb, Jennings v. Murphy, 7 Cir., 1952, 194 F.2d 35, made by the trial judge sitting without a jury, and that show, in substance, the following. On and for a time prior to September 30, 1948, a carnival or street fair sponsored by a local American Legion Post, was located within defendant's corporate limits on a State Aid road known as Illinois State Highway No. 99, which runs through Versailles. Various booths, stands, amusement devices, rides and platforms had been enclosed by a barrier of rope and trestles, which obstructed vehicular traffic by extending entirely across public Highway No. 99 at or about its intersection with 3rd Street in Versailles. The Village authorized or knowingly permitted this carnival to be thus located, enclosed or barricaded. At about one o'clock on the morning of September 30, 1948, plaintiff's truck and trailer, loaded with hogs, was traveling on Highway No. 99 to Versailles. To avoid striking this barricade which confronted plaintiff's driver, he wheeled the truck and trailer unit, to his left. It overturned, and caught fire. Plaintiff's tractor-trailer unit and cargo of hogs were burned and destroyed in this fire. For this loss plaintiff sought his damages.

■ We conclude, as did the court below, that the defendant Village had power under section 23–11 of the Revised Cities and Villages Act, Smith-Hurd Ann.St., ch. 24, § 23–11; Ill.Rev.Stat. 1947, chapter 24, § 23–11): "To prevent and remove encroachments or obstructions upon the streets and other municipal property", and equally important, "To prevent and regulate all amusements and activities having a tendency to annoy or endanger persons or property on the sidewalks, streets, and other municipal property." (id. § 23–16.) From testimony given by Mayor Meyers, who occupied that office in 1948, this carnival was located " * * * right in the heart of town in the two blocks that had to be closed, and it was right on the pavement—the main part of Versailles * *. The carnival completely occupied the street." We think that the trial judge was correct when he ruled, as a matter of law, that the obstruction of Highway No. 99 by the barrier, barricade, and carnival constituted an absolute nuisance *per se*. Van Cleef v. City of Chicago, 1909, 240 Ill. 318, 88 N.E. 815, 23 L.R.A., N.S., 636. When pleading in response to count III, added to the complaint by plaintiff's amendment, defendant Village admitted, *inter alia*, the aforesaid location of this carnival or street fair and existence of the barrier of rope and trestles.

■■ It is significant that this carnival was exhibited and conducted, for several days, wholly within the boundaries of the Village of Versailles. This Village cannot now escape liability by urging that Highway No. 99 was under the exclusive control of the State of Illinois.[2] Quite the contrary, that public highway should not have been used as a fair ground. And we find no evidence that Versailles complained to any State authorities that a carnival was blocking Highway No. 99. Nor does this record disclose efforts to abate, or protests, by Versailles against, or its attempt to prevent, such obstruction of the pubic highway involved. Nor is there any evidence that the Department of Public Works and Buildings, Division of Highways, State of Illinois approved such obstruction. That Department would have had no authority to authorize this municipality to close State Route No. 99, in order to provide a site for this carnival. See

2. Section 7 of an Act in relation to State Highways, approved June 24, 1921, L. 1921, p. 790; Ill.Rev.Stat.1947, chap. 121, ¶ 297; Smith-Hurd Ann.St.Ch. 121, § 297.

Opinions, Atty.Gen. of Ill. No. 377, p. 355, 1952.

Since we approve the trial judge's findings under count III of the complaint as amended, resting defendant's liability on a nuisance *per se,* it is unnecessary to discuss questions of contributory negligence beyond pointing out that the court below found plaintiff to be in the exercise of due care. The highway on which plaintiff's truck and trailer were traveling when the damages complained of occurred, was obstructed within defendant's corporate limits contrary to that Illinois Statute, first quoted above.

Defendant's contention that plaintiff's insurance carrier was an indispensable party to this suit is not of sufficient moment to preclude a recovery on the record before us. Nor are we persuaded by other points urged by this defendant that any reversible error was committed below. Accordingly, the District Court's judgment is affirmed.