Frank REINER, Appellant,

v.

**NORTHERN PACIFIC TERMINAL
COMPANY OF OREGON, a Corporation, Appellee.**

No. 15677.

United States Court of Appeals
Ninth Circuit.

Sept. 23, 1958.

Owen A. Johnson, Seattle, Wash., Eugene A. Rerat, Harry H. Peterson, Minneapolis, Minn., for appellant.

Koerner, Young, McColloch & Dezendorf, John Gordon Gearin, Portland, Or.,
for appellee.

Before DENMAN, BARNES and
HAMLIN, Circuit Judges.

HAMLIN, Circuit Judge.

Frank Reiner, appellant herein, brought an action for damages in the United States District Court for the District of Oregon, under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., against the Northern Pacific Terminal Company of Oregon, appellee herein. A jury found a verdict in favor of the appellee and this appeal followed. There is no question of the jurisdiction of the Court below nor of this Court.

Testimony in the trial of the District Court showed that appellant, an employee of appellee, was riding in the trail unit of two diesel engines coupled together back-to-back. After the double unit was stopped, there was a reverse movement of the engines of about 500 feet. During this reverse movement a collision occurred with a "cut of cars" which were being switched from an adjacent track to the track upon which the double diesel unit was being operated.

After the collision, appellant, unlike other fellow employees in the double diesel unit, jumped from the engine, testifying that it "looked like it was on fire" and that his one thought "was to get away from the fire and get out of there." In statements shortly after the accident, appellant said, "I got hurt when I jumped." Appellant claimed that as a result of the collision he received injuries which incapacitated him.

The evidence was sharply conflicting upon what the duties and responsibilities of the appellant were during the reverse movement of the double diesel unit. The railroad produced evidence that appellant as a "pilot herder" had the duty to "pilot or herd the engines;" "to keep a lookout and to take a safe course;" to be "responsible for the safety of the train;" that on the backup movement appellant was responsible for the movement and that he was "obligated to protect the reverse movement;" that he "should have been alert" and should have kept a lookout and protected the rear end. A fellow employee testified that just prior to the reverse movement he turned the headlights on the engine on bright, but that appellant said to him, "You don't make a reverse movement with the bright headlight on," and that the fellow employee then "clicked it to dim." This fellow employee testified that he could "see all the way back" with the headlights on bright, but that with it clicked to dim he could "only see the car in your unit in front of you." The appellant denied that all of the above responsibilities fell upon him during the reverse movement, but he did admit that it was his duty to protect the rear end of the train at a movement through a crossover; that he was not looking in the direction of where the accident happened as the engines backed up; that it was raining pretty badly at the time and that he couldn't see through the windshield, but that he did not turn the windshield wipers on. He admitted that he was in a position where he could have seen the freight cars with which the engines collided if he had looked. The appellant also admitted that he knew where the emergency valve was upon the train to stop it, but that he did not use it.

It can thus be seen that there is no basis for appellant's complaint of error as set forth in Specification of Errors 1, 2, 3 and 4.[1]

In appellant's Specification of Error No. 5 he contends that the Court erred in failing to instruct the jury that any contributory negligence on the part of the plaintiff should be considered only in mitigation of damages, rather than as a complete and total defense. Appellant offered no instruction upon this subject, nor did he make any exceptions as to the instructions given thereon by the Court as required by Rule 51 of Federal Rules of Civil Procedure, 28 U.S.C.A. How-

---

[1] "Specification of Errors
"1. The Verdict is contrary to law and the evidence.
"2. The Judgment is contrary to the law and the evidence.

"3. The Court erred in denying plaintiff's Motion for a new trial.
"4. The Court erred in failing to instruct the jury that the defendant was liable as a matter of law."

ever, an examination of the instructions given by the Court on this subject show no error. Likewise, appellant contends in Specification 11 that the Court erred in failing to instruct the jury as to the difference between a "pilot herder" and a "pilot." Appellant offered no instruction to the Court upon this matter.

Appellant's main contention as set forth in Specification of Errors 6, 7 and 8 is that there was error in the references in the testimony and the argument and the Court's instruction concerning the matter of appellant's retirement from the company.

Upon the cross examination of appellant, the following occurred: [Tr. pp. 68–69]

"Mr. Gearin: Mr. Reiner, you have retired at the present time, haven't you?

"Mr. Rerat: That's objected to as incompetent and immaterial.

"Mr. Gearin: You have retired on a company retirement——

"Mr. Rerat: That's objected to as immaterial, incompetent, and irrelevant—just a minute, please, I have an objection——

"Mr. Gearin: I will tie it up, your Honor.

"Mr. Rerat: Your Honor, I would like to furnish.

"The Court: Is it offered on the issue of damages?

"Mr. Gearin: Well, it has to do with some other part about which I may impeach the witness, your Honor.

"The Court: Well, if it's offered for impeachment purposes, that's all right, but not if it's offered on the issue of damages.

"Mr. Gearin: I am not offering it on that issue of damages at all, your Honor.

"The Court: Well, the jury will understand that whether a man is retired on a pension or not has nothing to do with whether or not he is entitled to recover in a suit such as this. In any event, if you find that he is entitled to recover, this has nothing to do with the amount he is entitled to recover.

"Mr. Gearin: I offer it for a limited purpose, your Honor."

The record thus shows that there was no answer to the question by the witness, although counsel and the Court seemed to believe differently. The only other references to a pension during the trial came, first, in counsel's argument,[2] concerning which appellant made no objection or request to instruct the jury to disregard; and, second, in the Court's instruction to the jury where the Court said:

"You will recall that there was evidence further here that the plaintiff is now on a pension. That was received on the sole issue of whether or not in the event you might find him entitled to recover that he would be entitled to recover any loss or not of future earnings. Of course, the fact that a man is on a pension or the fact that a man has other sources of income is not a defense to his right to recover for personal injury, but the fact that a man has other sources of income is relevant to whether or not you might believe that he would have gone on working had he not been injured, and, hence, is relevant to the issue of whether or

2. [Tr. p. 215]
"I have perhaps talked too long. I have tried not to. You have been on juries for a long period of times. You have been here for some time, I know, and you probably have seen people that were hurt, people that were badly hurt, people who had something the matter with them, and I suggest to you that Mr. Reiner has earned `a well-deserved rest because he is now pensioned. He can do the things he has always wanted to do. He can hunt and fish all the time, but I don't think in fairness that you people should say that we should be penalized or that we are responsible for his condition of permanent disability when the evidence is uncontradicted that he hurt his back a long time ago. Thank you."

not he has lost any future earnings." [Tr. p. 274.]

Appellant contends that the action of counsel and the Court as above set out was prejudicial error and relies mainly upon the following cases: Standard Oil Co. of California v. United States, 9 Cir., 1946, 153 F.2d 958; Flener v. Louisville & N. R. Co., 7 Cir., 1952, 198 F.2d 77; and Sinovich v. Erie R. Co., 3 Cir., 1956, 230 F.2d 658.

In Standard Oil Co. of California v. United States, supra, 153 F.2d at page 963, the Court merely said:

"* * * an injured person may recover for wages lost and medical expenses incurred during his incapacity even though such amounts were supplied by insurance, a contract of employment, or gratuitously."

In the Flener case, appellant claimed misconduct on the part of the defense counsel because of his repeated efforts to bring before the jury that Flener was receiving retirement railroad benefits. The Court said, 198 F.2d at page 78:

"Time and again defendant's counsel brought up the question of railroad retirement benefits even though in propounding the inquiry this was clearly superfluous and irrelevant."

The Court in that case at first overruled objections to such references; however, later during the trial, the Court ruled that such questions were objectionable and admonished defendant's counsel that it was not necessary to include reference to retirement benefits in order to properly propound his inquiries. Thereafter, during a doctor's testimony the witness twice confirmed that Flener was drawing a pension from the railroad. While the Court held that the questions by defendant's counsel in reference to Flener's receiving railroad retirement benefits were objectionable, the Court held that counsel's repeated reference in his questions to retirement did not amount to prejudicial misconduct. The Court said, "Nor do we think the trial court's somewhat tardy sustaining of such objections

was prejudicial, in the light of its subsequent admonitions to the jury."

In the Sinovich case, the defendant railroad admitted liability and a jury awarded damages to Sinovich in the sum of $4,000. The injuries were serious and the Court stated that in its judgment the verdict was small. Several times during the trial of the case the statement was made from the witness stand that the plaintiff was receiving a pension from the Erie Railroad. Particularly objectionable to the Court was the statement from the witness stand by a doctor for the defense on two occasions that the plaintiff himself had told him that he was receiving a pension from the Erie Railroad. The Court felt that there was "no legitimate excuse for dragging it in [the question of the pension]." The Court stated, 230 F.2d at page 662:

"Under all the circumstances it seems to us that the last moment reiteration by the defense of the barred evidence gravely and unwarrantably impaired the worth of plaintiff's claim to the jury."

In the instant case we believe the facts are clearly distinguishable. Appellant here contended that he was completely incapacitated by reason of the accident and could not work. Appellee is endeavoring to show by way of impeachment that the reason he didn't work was not because of the accident, but because he was retired. The only time this was mentioned during the taking of evidence was as set out above. The Court at that time advised the jury [Tr. p. 69] that

"* * * whether a man is retired on a pension or not has nothing to do with whether or not he is entitled to recover in a suit such as this. In any event, if you find that he is entitled to recover, this has nothing to do with the amount he is entitled to recover."

Again, in his charge to the jury the District Judge pointed out the fact "that a man is on a pension * * * is not a defense to his right to recover for personal injury."

■ Here there is no question of the adequacy of the damages awarded, as there was in Sinovich where liability was admitted, or in Flener where damages were held not to be inadequate. The jury in this case found there was no liability upon the railroad. While the Court's instruction in its charge might have been phrased more aptly and it might have discussed the question in greater length, we see no prejudice to the appellant under the circumstances.

■ Appellant complains also of statements made by defense counsel in his argument referring to the fact that plaintiff's lawyers came from Minneapolis, Seattle and Portland. We see no error in counsel's statement. It appears to be legitimate but harmless argument based upon what apparently were the admitted facts.

The Court has carefully examined the entire record and feels that the judgment should be affirmed.

It is so ordered.